# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WAZEE STREET OPPORTUNITIES FUND IV LP** *Plaintiff* | : | **CIVIL ACTION** |
| **v.** | : | **NO. 18-03478** |
| **THE FEDERAL HOUSING FINANCE AGENCY, *et al.*** *Defendants* | : | |

NITZA I. QUIÑONES ALEJANDRO, J. APRIL 14, 2025

## MEMORANDUM OPINION

### INTRODUCTION

Plaintiff Wazee Street Opportunities Fund IV LP[1] ("Plaintiff" or "Plaintiff Wazee"), owner of common stocks issued by the Federal National Mortgage Association ("Frannie Mae"), filed a complaint against Defendant Federal Housing Finance Agency ("Defendant FHFA" or "FHFA") and Defendant Department of the Treasury ("Defendant Treasury Department" or "Treasury Department") (collectively, "Defendants") alleging that the FHFA is unconstitutional in structure and function. (ECF 1). By Order dated July 20, 2020, this matter was placed in suspense pending the Supreme Court's disposition in *Collins v. Yellen*, 594 U.S. 220 (2021) ("*Collins*"). (ECF 43). On April 10, 2024, this matter was removed from civil suspense. The Court ordered the parties to submit a joint status report, (ECF 44), which they did on May 10, 2024. (ECF 46).

---

[1] The original complaint was filed as a class action by Plaintiffs Wazee Opportunities Fund IV LP, Douglas Whitley, and Lisa Brown. (ECF 1). Douglas Whitley and Lisa Brown have since voluntarily dismissed their claims. (ECF 53). Only Plaintiff Wazee seeks to amend the complaint. (ECF 58-1). Plaintiff's proposed amended complaint is not a class action. (*Id.*).

Before this Court is Plaintiff's motion for leave to amend its complaint filed almost three years after the *Collins* Supreme Court's decision. (ECF 58). Defendants oppose Plaintiff's motion and argue that the motion is unduly delayed and futile. (ECF 61, 62). The issues presented in the motion are fully briefed and, therefore, are ripe for disposition. For the reasons set forth herein, Plaintiff's motion for leave to amend its complaint is denied.

**BACKGROUND**

The facts relevant to Plaintiff's motion are summarized as follows:[2]

> During the summer of 2008, Congress passed the Housing and Economic Recovery Act of 2008 ("HERA"), which established the Federal Housing Finance Agency or FHFA. By statute, the FHFA was to be headed by a single Director who would serve for a five-year term. However, the President of the United States could remove the FHFA's Director before the end of the term "for cause" only.
>
> By statute, the FHFA regulates Fannie Mae and Freddie Mac, corporations that purchase mortgages made to homeowners and bundle those mortgages into securities that the companies, in turn, can sell to investors. The FHFA also has the authority to place Fannie Mae and Freddie Mac into conservatorship, which it did on September 6, 2008. The following day, the FHFA entered into agreements on behalf of Fannie Mae and Freddie Mac – the Preferred Stock Purchase Agreements ("PSPAs") with the Treasury Department. Under these agreements, the Treasury Department committed to providing up to $100 billion in funding for each company. In return, the FHFA agreed to provide the Treasury Department with several forms of consideration, including one million shares of senior preferred stock in each company.
>
> The senior preferred stock had an initial liquidation preference of $1 billion for each company, which meant that if Fannie Mae and Freddie Mac were to be liquidated, the Treasury Department would be entitled to $1 billion before any other

[2] The relevant facts and procedural history are drawn from, *inter alia*, Plaintiff's original complaint, (ECF 1), Plaintiff's proposed amended complaint, (ECF 58-1), and the docket entries in this matter.

When determining whether an amended complaint is futile, "the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Therefore, this Court will accept as true all factual allegations in the proposed amended complaint and construe the facts therein in the light most favorable to Plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)); *see also Crump v. Passaic Cnty.*, 2015 WL 1034653, at *2-3 (D.N.J. Mar. 9, 2015) (applying this standard to a motion to amend).

shareholders received funds. The liquidation preference increased by one dollar for each dollar the companies drew from the Treasury Department's funding commitment. The agreements also provided that the Treasury Department was also entitled to quarterly dividends on its senior preferred stock that, if declared, would be calculated at an annualized rate of 10 percent of the Treasury Department's outstanding liquidation preference. If Fannie Mae and Freddie Mac did not declare cash dividends on the senior preferred stock, the liquidation preference would increase at an annualized rate of 12 percent. By the summer of 2012, the value of the Treasury Department's liquidation preference for its senior preferred stock was approximately $117 billion for Fannie Mae and $72 billion for Freddie Mac.

On August 17, 2012, the FHFA and the Treasury Department amended the PSPAs for a third time (the "Third Amendment"). The Third Amendment required Fannie Mae and Freddie Mac to pay the Treasury Department a quarterly dividend equal to their entire net worth, less a capital buffer. As a result, dividend payments did not reduce the liquidation preference.

The Third Amendment was signed on behalf of Fannie Mae and Freddie Mac by the FHFA Acting Director Edward DeMarco. Thereafter, President Barack Obama nominated Mel Watt to serve as the FHFA Director. Mr. Watt was confirmed by the Senate in December 2013.

In November 2016, Donald J. Trump was elected President of the United States. At the end of Director Watt's five-year term on January 6, 2019, President Trump named Joseph Otting as Acting Director to lead the FHFA. President Trump selected Mark Calabria as the FHFA Director, who was confirmed by the Senate in April 2019. President Trump's first presidency ended without the removal of the liquidation preference on the Treasury Department's senior preferred stock, and without Fannie Mae and Freddie Mac exiting conservatorship.

On November 3, 2020, Joseph Biden was elected President of the United States. On June 23, 2021, the Supreme Court issued its decision in *Collins*, holding that the statutory provision providing that the President could only remove the FHFA Director "for cause" violated the Constitution. Within hours of the decision, President Biden removed Director Calabria and named Sandra Thompson as the Acting Director of the FHFA.

In a November 2021 letter to Senator Rand Paul, then-former President Trump wrote that:

> From the start, I would have fired former Democrat Congressman and political hack Mel Watt from his position as Director and would have ordered FHFA to release these companies from conservatorship. My Administration would have also sold the government's common stock in these companies at a huge profit and fully privatized the companies. The idea that the government

> can steal money from its citizens is socialism and is a travesty brought to you by the Obama/Biden administration. My Administration was denied the time it needed to fix this problem because of the unconstitutional restriction on firing Mel Watt.

Procedurally, on August 16, 2018, Plaintiffs Wazee, Douglas Whitley, and Lisa Brown (collectively, "Plaintiffs") filed the original class action complaint in this action. (ECF 1). Defendants filed motions to dismiss the complaint. (ECF 15, 16). Plaintiffs opposed those motions and also filed a motion for summary judgment. (ECF 18, 19). While these motions were pending, the United States Supreme Court granted *certiorari* in the matter of *Collins v. Mnuchin*, 938 F.3d 553 (5th Cir. 2019), a case that presented similar legal questions to those at issue in this matter. As noted, this Court stayed this matter pending the Supreme Court's disposition of the case. (ECF 43).

As noted, on June 23, 2021, the Supreme Court issued its decision in *Collins v. Yellen*, 594 U.S. 220, 226, 250 (2021) ("*Collins*") holding that the statutory restriction on the President's ability to remove the Director of the FHFA – only "for cause" – was unconstitutional as violative of separation of powers and remanded the case for further consideration. The Supreme Court also remanded the case on the issue of whether this unconstitutional removal restriction caused harm. *Id*. at 260. On October 12, 2023, the Fifth Circuit Court of Appeals ("Fifth Circuit") issued its decision in *Collins v. Dep't of the Treasury*, 83 F.4th 970, 983 (5th Cir. 2023), affirming the dismissal of plaintiffs' claims on the basis that the plaintiffs had not plausibly alleged the removal restriction caused harm. [3]

On April 23, 2024, this Court *sua sponte* ordered the parties to provide a joint status report. (ECF 44). In response, the parties proposed that Plaintiffs have time to decide whether to move to amend their complaint or to voluntarily dismiss their case with prejudice, with Defendants reserving certain rights. (ECF 46). The parties' request was granted. (ECF 47, 55). On June 17, 2024, Plaintiffs Douglas Whitley and Lisa Brown voluntarily dismissed their claims with prejudice. (ECF 53). Thereafter, Plaintiff Wazee filed the underlying motion for leave to amend its complaint. (ECF 58).

**LEGAL STANDARD**

Federal Rule of Civil Procedure ("Rule") 15 provides that courts should "freely" give leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision whether to grant leave

[3] The Fifth Circuit, in turn, remanded the case to the district court. *Collins v. Yellen*, 27 4th 1068, 1068-69 (5th Cir. 2022). Thereafter, the district court dismissed plaintiffs' claims. *Collins v. Lew*, 642 F. Supp. 3d 577, 587 (S.D. Tex. 2022). Plaintiff appealed the district court's decision to the Fifth Circuit.

to amend is left to the “sound discretion of the district judge.” *Gay v. Petsock*, 917 F.2d 768, 772 (3d Cir. 1990). A court may deny leave to amend if: “(1) the moving party has [exhibited] undue delay, bad faith, or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party.” *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003). Futility means the amended complaint “could not ‘withstand a renewed motion to dismiss.’” *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp*., 908 F.3d 872, 878 (3d Cir. 2018) (quoting *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988)). “In assessing futility, the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6).” *Id*. (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)).

**DISCUSSION**

Plaintiff filed the instant motion for leave to amend its complaint to: (1) allege facts to demonstrate how Plaintiff was harmed by the subsequently determined unconstitutional restriction on the President’s ability to remove the Director of the FHFA “for cause” only, and (2) assert additional claims regarding the FHFA’s funding structure and how it violates the Constitution’s Appropriations Clause. (ECF 58-2, at p. 1). In their oppositions, Defendants argue that the motion should be denied because it is unduly delayed since Plaintiff waited over three years after the Supreme Court’s decision in *Collins* to file its motion to amend, (ECF 61, at p. 14; ECF 62, at p. 2), and, further, that the proposed amendments are futile because they lack merit and/or are barred by the statute of limitations. (ECF 61, at pp. 10-14; ECF 62, at p. 4-8). These arguments will be addressed separately.

***Undue Delay***

As noted, this matter was stayed pending the Supreme Court's decision in the *Collins* matter, which was ultimately rendered on June 23, 2021, with a remand to the Fifth Circuit Court of Appeals (the "Fifth Circuit"). *See Collins*, 594 U.S. at 220. After the Fifth Circuit's remand to the district court and a subsequent appeal, on October 12, 2023, the Fifth Circuit issued its decision in *Collins v. Dep't of the Treasury*, 83 F.4th 970, 983 (5th Cir. 2023), affirming the dismissal of plaintiffs' claims on the basis that the plaintiffs had not plausibly alleged the removal restriction caused harm.

Plaintiff filed its underlying motion to amend on July 1, 2024, slightly more than ***three years*** after the Supreme Court's *Collins* decision. (ECF 58). Defendants argue the timing of this filing constitutes undue delay and, thus, the motion should be denied.

"Delay alone is not sufficient to justify a denial of leave to amend." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) (quoting *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984)). However, at some point delay becomes "undue, placing an unwarranted burden on the court . . . [and] an unfair burden on the opposing party." *Id*. (internal quotation marks omitted)*; see also Estate of Olivia ex rel. McHugh v. New Jersey*, 604 F.3d 788, 803 (3d Cir. 2010) ("Delay is 'undue' when it places an unwarranted burden on the court or when the plaintiff has had previous opportunities to amend."). "[T]he question of undue delay requires that we focus on the movant's reason for not amending sooner." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). "Courts in this district have found undue delay and/or prejudice where the proposed amendments assert new claims, where new discovery would be necessary, and where the motion for leave to amend was filed months after the factual basis of the amendment was discovered by

the moving party." *Lafate v. Vanguard Grp., Inc.*, 2014 WL 5314832, at *2 (E.D. Pa. Oct. 16, 2014).

As noted, Plaintiff waited slightly more than three years after the *Collins* decision was issued to file the underlying motion for leave to amend its complaint. (ECF 58). During this interim, Plaintiff was aware of the Supreme Court's reason for the remand to the circuit court and ultimately to the district court and did nothing to amend the initial complaint before this Court. The remanded case was ultimately resolved. It was not until this Court *sua sponte* moved to reactivate the case that Plaintiff then moved for leave to amend the complaint. Delays that are this significant justify denying leave to amend. *See Cuerton*, 252 F.3d at 273 (affirming denial of leave to amend where plaintiffs knew the factual information that formed the basis of the proposed amendment two-and-a-half years before plaintiff sought leave to amend); *USX Corp. v. Barnhart*, 395 F.3d 161, 169 (3d Cir. 2004) (finding undue delay when appellants waited over three years to amend); *Special Risk Ins. Servs., Inc. v. GlaxoSmithKline, LLC*, 2021 WL 6075892, at *1 n.1 (E.D. Pa. Mar. 11, 2021) (denying motion to amend when plaintiff filed a motion to amend three months after discovering the basis for the amendment); *Lafate*, 2014 WL 5314831, at *2 (finding unreasonable delay when amendments were based on facts known to plaintiff for over two years).

Further, Plaintiff has failed to provide a compelling reason to excuse its delay. Plaintiff argues that its proposed amendments "follow directly" from the Supreme Court's decision in *Collins* and that any delay can be attributed to a desire to avoid "duplicative claims" that might have been resolved by nationwide injunctions in other jurisdictions. (ECF 58-2, at p. 1, 3). In particular, Plaintiff argues that the "earliest point of time" at which it "reasonably would have sought amendment" was in October of 2023, (ECF 58-2, at p. 3), when the Fifth Circuit decided *Collins v. Dep't of the Treasury*, 83 F.4th 970 (5th Cir. 2023), affirming the dismissal of plaintiffs'

claims. As for the Appropriations Clause claim, Plaintiff argues it could not have reasonably amended the complaint until May 2024, when the Supreme Court decided *Consumer Fin. Prot. Bureau v. Cmty. Fin. Servs. Ass'n of Am., Ltd.*, 610 U.S. 416 (2024) ("*CFPB*"), which Plaintiff argues "implicat[ed] those claims." (ECF 58-2, at p. 3). Plaintiff's arguments are unavailing.

As noted, this Court stayed this case "pending ***the Supreme Court's disposition of the Collins matter***," (ECF 43) (emphasis added), a disposition that occurred on June 23, 2021. *Collins*, 594 U.S. 220. This Court is unaware of, and Plaintiff has not argued any, compelling reason that would have prevented Plaintiff from litigating this matter following the Supreme Court's decision in *Collins*. Notably, Plaintiff's current attorneys were actively litigating similar claims in other district courts during the time this matter laid dormant. *See e.g. Rop v. FHFA*, Civ. A. No. 17-0497 (W.D. Mich.); *Bhatti v. FHFA*, Civ. A. No. 17-2185 (D. Minn.). As noted, Plaintiff did nothing in this action following the Supreme Court's June 23, 2021 decision in *Collins* until this Court *sua sponte* requested on April 23, 2024, a status report. Plaintiff waited another eight months to move to amend after the Fifth Circuit's decision in *Collins v. Dep't of the Treasury*, 83 F.4th 970 (5th Cir. 2023). This delay undercuts Plaintiff's argument that it was waiting, *in part*, on that decision to move to amend its complaint.

Though Plaintiff relies on the Fifth Circuit's decision in *Collins* and the Supreme Court's decision in *CFPB* to defend its delay, neither of these decisions justifies Plaintiff's delay nor supports Plaintiff's arguments. In *Collins*, the Fifth Circuit affirmed the dismissal of claims almost identical to those brought in this matter related to whether the unconstitutional removal restriction caused harm. 83 F.4th 970. In *CFPB*, the Supreme Court found that the Consumer Financial Protection Bureau's funding structure did not violate the Appropriations Clause. 601 U.S. at 441. Here, Plaintiff argues that the FHFA's funding structure does violate the Appropriations Clause.

(ECF 58-2, at p. 1). Additionally, the factual basis for the Appropriations Claim – which centers on how the FHFA is funded – was known to, or should have been known to, Plaintiff when it filed its original complaint in this matter on August 16, 2018. Using this 2018 filing as the starting date, Plaintiff waited nearly six years to move to amend its complaint. Further, Plaintiff's choice to now pursue a different legal theory does not justify delaying filing an amendment to the operative complaint. *See USX Corp.*, 395 F.3d at 168 (noting that misplaced confidence in an original legal theory is not a proper excuse for substantial delay); *Cuerton*, 252 F.3d at 274 (same).

Significant, unjustified delay itself is enough to deny leave to amend. *See CMR D.N. Corp. v. City of Philadelphia*, 703 F.3d 612, 629 (3d Cir. 2013) ("[Plaintiff's] arguments ignore that discovery-related prejudice is not the only prejudice that may justify denial of a motion for further leave to amend a pleading. We have also explained that a significant, unjustified, or "undue" delay in seeking the amendment may itself constitute prejudice sufficient to justify denial of a motion for leave to amend."); *Estate of Oliva*, 604 F.3d at 803 ("Irrespective of whether Appellees would have suffered prejudice from Oliva's late assertion of a First Amendment claim, Oliva's delay in seeking leave to amend was undue."). Here, as explained, Plaintiff has offered no compelling justification for its delay in seeking leave to amend. *See CMR D.N. Corp.*, 703 F.3d at 639 (collecting cases in which the Third Circuit has "refused to overturn denials of motions for leave to amend where the moving party offered no cogent reason for the delay"). Accordingly, Plaintiff's motion for leave to amend is denied on the basis of undue delay.

***Futility***

Plaintiff's proposed amendments are also futile. Plaintiff seeks to amend its complaint to: (1) demonstrate how it was harmed by the unconstitutional restriction on the President's ability to remove the FHFA Director, and (2) add new claims alleging that the FHFA's funding structure

violates the Constitution's Appropriations Clause. (ECF 58-2, at p. 1). Neither of these additions have legal viability.

In *Collins*, the Supreme Court held that the statutory restriction on the President's ability to remove the Director of the FHFA – removal only "for cause" – was unconstitutional as violative of the Constitution's separation of powers provisions. 594 U.S. at 226, 250. The Supreme Court remanded the case to the circuit court on the issue of whether this unconstitutional removal restriction caused harm. *Id*. at 260. On remand, after the plaintiffs had made amendments similar to those proposed here, the Fifth Circuit held that plaintiffs had not plausibly alleged the removal restriction caused them harm. *See Collins*, 83 F.4th at 975. No further appeal was taken.

Notwithstanding, Plaintiff here argues its proposed amended complaint plausibly shows the restriction caused harm because: (1) President Trump explained that he would have fired the FHFA Director but for the unconstitutional restriction and (2) had President Trump been able to remove the FHFA Director at the beginning of his term, the new Director would have pursued policies that benefited Plaintiff. (ECF 58-2, at pp. 6-7). Specifically, Plaintiff further argues that if a President Trump-appointed Director had more time, the FHFA would have more quickly implemented the necessary steps for Fannie Mae and Freddie Mac to exit conservatorship, which would have included removing the liquidation preference on the Treasury Department's senior preferred stock. (ECF 58-1, at ¶¶ 74-87; ECF 58-2, at pp. 9-10). Plaintiff's argument is, however, unpersuasive.

Both the Fifth Circuit and the Eighth Circuit Court of Appeals ("Eighth Circuit") have rejected similar arguments. In *Collins*, the Fifth Circuit, analyzing nearly identical allegations, found that plaintiffs' complaint failed to allege a nexus between President Trump's alleged desire to remove the FHFA Director, and the Trump Administration's failure to exit conservatorship and

return the companies to fully private control. 83 F.4th at 983. The Fifth Circuit found that, even if President Trump had four years with his chosen Director, the amended complaint did not show that the FHFA would have instituted Plaintiff's preferred policies. *Id*. Therefore, the district court's dismissal was proper because "that level of uncertainty and speculation cannot survive a motion to dismiss." *Id*. at 984. Here, Plaintiff's arguments are just as speculative.

Similarly, in *Bhatti v. Fed. Hous. Fin. Agency*, 97 F.4th 556 (8th Cir. 2024), the Eighth Circuit concluded that plaintiff's allegations do not plausibly allege that an inability to remove the FHFA Director frustrated the Trump Administration's goal of ending conservatorship or the liquidation preference. *Id*. at 561. Similar to the Fifth Circuit, the Eighth Circuit found that plaintiff's "purported circumstantial evidence of harm was speculative" and failed to plausibly state a claim for relief. *Id*. Additionally, the Eighth Circuit analyzed the same 2021 letter from President Trump to Senator Rand Paul that Plaintiff seeks to include in its amended complaint in this matter to show that President Trump would have removed the then FHFA Director. *Id.* at 559-60. The Eighth Circuit found that this letter, which President Trump wrote after his first presidency and was a direct correspondence to a Senator, was not the kind of "public statement expressing displeasure" that asserted he "would remove" the Director that the Supreme Court noted in *Collins* would show harm. *Bhatti*, 97 F.4th at 559-60; *Collins*, 594 U.S. at 260.

This Court finds the opinions of these Circuit Courts sound and persuasive and, therefore, will adopt the reasoning of the Fifth and Eighth Circuits in this matter. Like in *Bhatti* and *Collins*, Plaintiff's argument that the removal restriction caused the harm it alleges is too speculative to survive a motion to dismiss. Accordingly, Plaintiff's motion to amend its complaint to include these allegations is futile because the proffered amendments cannot withstand a motion to dismiss.

***Statute of limitations and Federal Rule of Civil Procedure Rule 15 arguments***

Plaintiff's proposed amendments to include additional claims based on violations of the Appropriations Clause are also futile because these new additional claims are barred by the statute of limitations. The statute of limitations in civil actions against the United States is "six years after the right of action first accrues." 28 U.S.C. § 2401(a). A claim accrues when the plaintiff "has the right to assert it in court," which is "when the plaintiff is injured by final agency action." *Corner Post, Inc. v. Bd. of Governors of Fed. Rsrv. Sys.*, 603 U.S. 799, 804 (2024). Here, the latest, Plaintiff's claims would have accrued when it acquired the common stock between December 2016 and November 2017. On June 17, 2024, Plaintiff sought to amend its complaint. Notably, more than six years have passed between when Plaintiff's claim accrued (at the latest) and when it sought to amend its complaint.[4] (ECF 58-1, at ¶ 6; ECF 61, at pp. 10-11; ECF 62, at p. 4 n.4). In this scenario, Plaintiff's claims are barred by the statute of limitations.

Plaintiff does not argue that its Appropriations Clause claims, if originally filed when it sought leave to amend, would fall within the statute of limitations. (ECF 58-2, at p. 12). Rather, Plaintiff argues that the claims relate back to the original complaint. (*Id.*). Rule 15 governs amended and supplemental pleading. Specifically, Rule 15(c), the relation back provision, provides, *in part*, that an amendment relates back to the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or

4 Defendants contend that Plaintiff's Appropriations Clause claims accrued on August 17, 2012, when the Third Amendment was adopted. (ECF 61, at p. 11 n.8; ECF 62, at p. 4 n.4). However, they also note that, at the latest, the claims accrued when Plaintiff purchased shares of Fannie Mae stock in December 2016. Plaintiff's proposed amended complaint alleges that it acquired Fannie Mae stock between December 2016 and November 2017. (ECF 58-1, at ¶ 6). This Court need not determine the precise date on which these claims accrued because, in any of the above-mentioned scenarios, the claims would have accrued more than six years before Plaintiff sought to amend its complaint. Moreover, in its motion to amend, Plaintiff does not attempt to provide an alternative date on which these claims accrued. (ECF 58-2, at p. 12). Rather, it argues that these claims relate back to the original complaint. (*Id.*).

attempted to be set out–in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Plaintiff bears the burden of establishing the requirements of Rule 15(c). *Markhorst v. Ridgid, Inc.*, 480 F. Supp. 2d 813, 815 (E.D. Pa. 2007) ("Plaintiff bears the burden of establishing the requirements of 15(c)"). "[O]nly where the opposing party is given 'fair notice of the general fact situation and the legal theory upon which the amending party proceeds' will relation back be allowed." *Glover v. F.D.I.C.*, 698 F.3d 139, 146 (3d Cir. 2012) (quoting *Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 310 (3d Cir. 2004)). "Conversely, amendments 'that significantly alter the nature of a proceeding by injecting new and unanticipated claims are treated far more cautiously.'" *Id.* (quoting *United States v. Hicks*, 283 F.3d 380, 388 (D.C. Cir. 2002)). Moreover, the "Supreme Court has cautioned that courts should not interpret conduct, transaction, or occurrence in such a broad manner so as to construe essentially all amendments as permissible under the relation-back doctrine." *United States v. Santarelli*, 929 F.3d 95, 101 (3d Cir. 2019)

As noted, Plaintiff seeks to add claims alleging that the FHFA's funding structure violates the Constitution's Appropriations Clause. Plaintiff argues these claims relate back to the original complaint because they "arose out of the very same conduct and occurrences that were the focus of the original complaint — Defendants' adoption and continued implementation of the Third Amendment to Defendants' Preferred Stock Purchase Agreements with Fannie Mae and Freddie Mac." (ECF 58-2, at p. 12). However, Plaintiff's proposed Appropriations Clause claims are based on different legal theories and facts than those set forth in the original complaint. That is, in the original complaint, Plaintiff claimed that the FHFA was unconstitutionally structured, focusing on the President's lack of control over the agency and the agency's broad authority.[5]

[5] The original complaint has five counts. (ECF 1). Only one count references the appropriations process. (*Id.* at ¶ 89). The count is styled as a separation of powers claim. (*Id.*). Additionally, the claim is broadly about "the extent to which FHFA is insulated from control by any of the three branches of

(ECF 1). Plaintiff's proposed Appropriations Clause claims focus on the agency's funding structure.[6] (ECF 58-1). Plaintiff has not, therefore, carried its burden to show these claims arose out of the "conduct, transaction, or occurrence" set out in the original pleading. Fed. R. Civ. P. 15(c)(1)(B).

While the original complaint mentions the appropriations process, (ECF 1, at ¶¶ 15, 54, 89), these passing references are made in the context of Plaintiff's broader arguments. Standing alone, they do not, therefore, provide "fair notice of the general fact situation and the legal theory upon which" Plaintiff proposes to proceed in its amended complaint. *See Glover*, 698 F.3d at 146. Rather, the 'new' Appropriations Clause claims "significantly alter the nature of [the] proceeding by injecting new and unanticipated claims." *Id.*; *see also Blake v. JPMorgan Chase Bank, N.A.*, 259 F. Supp. 3d 249, 263 (E.D. Pa. 2017) (finding that plaintiff's RICO claims did not relate back because the original complaint did not put defendants on fair notice that the plaintiffs could or would assert RICO claims).

Accordingly, this Court finds that Plaintiff's Appropriations Clause claims are barred by the statute of limitations. An amendment that cannot "overcome the statute of limitations" is futile. *Cowell v. Palmer Twp.*, 263 F.3d 286, 296 (3d Cir. 2001). Accordingly, Plaintiff's motion to amend is barred by the statute of limitations, is futile and, therefore, denied.

---

government" and also references the President's inability to supervise the FHFA and the lack of judicial review of the FHFA's actions. (*Id.*). Moreover, the claim does not mention Article I of the United States Constitution, which includes the Appropriations Clause.

[6] Plaintiff's proposed amended complaint has two counts (Count II and Count IV) that focus on Congress's "power of the purse," with Count IV asserting that, because the FHFA usurps Congress' power, it also violates the Administrative Procedure Act. (ECF 58-1, at ¶¶ 103-118, 126-140). These new counts are almost entirely focused on the FHFA's funding structure. (*Id.*). They include facts about the FHFA's funding structure that are not present in the original complaint, such as the fact that the funding structure lacks any cap or limit and that the funding structure is not temporally bound. (*Id.*). Additionally, these claims are grounded in Article I of the United States Constitution and, specifically, in the Appropriations Clause.

**CONCLUSION**

Based upon the factual and procedural history of this civil action, and for the reasons set forth, Plaintiff's motion for leave to amend its complaint is denied. An Order consistent with this Memorandum Opinion follows.

*NITZA I. QUIÑONES ALEJANDRO*, J.